### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JENNIFER BRONSON,

    Plaintiff**,**

v.                         **Case No..:** 10-CV-2186 JAR/KMH

EVEREST ASSET MANAGEMENT, LLC,

    Defendant.

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred within this Judicial District.

5. The Plaintiff resides within this Judicial District.

6. The Defendant transacts business and regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

7. Plaintiff, Jennifer Bronson is a natural person.

8. Plaintiff resides in the City of Overland Park, County of Johnson, State of Kansas.

9. The Plaintiff is a "consumer" and "any person" as that term is defined by 15 U.S.C. § 1692a(3) and used in 15 U.S.C. § 1692 et seq.

10. Defendant, Everest Asset Management, LLC, is a foreign corporation with no listed Kansas resident agent.

11. Defendant has a Florida resident agent of Perlman, Yevoli & Albright, PL, 200 S. Andrews Avenue Ste 600, Fort Lauderdale, Florida 33301.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The principal business of the Defendant is the collection of debts using the mails and telephone.

14. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

15. Sometime prior to the filing of the instant action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account").

16. Allegedly, the Account was not paid and it went into default with the creditor.

17. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

18. In the year prior to the filing of the instant action, the Plaintiff and her fellow employees participated in telephone calls with representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

19. These telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

20. During the telephone calls representatives, employees and/or agents of the Defendant falsely advised Plaintiff that they could continue to report her out-of-statute account to credit bureaus indefinitely in violation of 15 U.S.C. § 1692e preface, e(2)(A), e(5), and e(8).

21. During the telephone calls representatives, employees and/or agents of the Defendant continued to contact Plaintiff after she advised they were contacting her on a work cell phone and that she was not allowed to receive such calls in violation of 15 U.S.C. § 1692c preface, c(1), and c(3).

22. During the telephone calls representatives, employees and/or agents of the Defendant contacted Plaintiff's employer's customer care line after they were in contact with her in an attempt to embarrass her at her place of employment in violation of 15 U.S.C. § 1692d preface and 1692c preface.

23. During the telephone calls representatives, employees and/or agents of the Defendant continued to contact Plaintiff after she had sent them written instructions to stop contacting her in violation of 15 U.S.C. § 1692c.

24. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

25. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

26. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

27. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).
2. Statutory damages under 15 USC § 1692k(a)(2)(A).
3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).
4. Such other and further relief as the Court deems just and proper

Respectfully submitted,

<u>/s/ J. Mark Meinhardt</u>
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF

<u>Address of the Plaintiff:</u>
9623 Woodson Drive
Overland Park, KS  66207